ON PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC

(Opinion February 3, 1986, 11 Cir., 1986, 781 F.2d 843).

Before HATCHETT and CLARK, Circuit Judges and STAFFORD *, Chief District Judge.

PER CURIAM:

In his brief on petition for rehearing, appellant Mongiello urges this court to reverse its decision affirming the district court's denial of summary judgment on grounds of qualified immunity. Appellant contends that appellee's case cannot survive a summary judgment motion because the reasonableness of the Florida City checkpoint has twice been approved in federal court. As we observed in the panel opinion, plaintiff has alleged substantially changed circumstances which arguably prevent any prior adjudication of reasonableness from being grounds for reversal of the district court order. This observation applies with equal force to appellant's citation to the opinion and order in *Hartfield v. Commissioner*, No. 82–807 (April 26, 1982). Despite our rejection of appellant's arguments, we wish to emphasize that our panel opinion is not intended to establish the law of the case with respect to appellant Mongiello's affirmative defense of qualified immunity. Our holding is simply that summary judgment was not proper at this stage of the proceeding. Furthermore, there is no indication in the record that the district court, in its denial of summary judgment, considered appellant's alleged reliance on prior adjudications of reasonableness. That contention should be directed to the district court in proceedings on remand.

The Petition for Rehearing is DENIED and no member of this panel nor other judge in regular active service on the court having requested that the court be polled on rehearing en banc (Rule 35, Federal Rules of Appellant Procedure; Eleventh Circuit Rule 26), the Suggestion for Rehearing En Banc is DENIED.

William F. SUTTON and Helen C. Sutton, Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

Joseph W. FLEECE, Jr., and Joanne M. Fleece, Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

John C. PRUITT and Frances M. Pruitt, Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

Jules DRESSLER and Muriel Dressler, Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

R. Huston BABCOCK and Suzanne Babcock, Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

Nos. 85–3693, 85–3695, 85–3696, 85–3697 and 85–3698.

United States Court of Appeals, Eleventh Circuit.

April 16, 1986.

B. Gray Gibbs, St. Petersburg, Fla., Ronald G. Hock, Hill, Hill & Dickenson, Tampa, Fla., for petitioners-appellants.

* Honorable William H. Stafford, Chief U.S. District Judge for the Northern District of Florida, sitting by designation.

Marlene Gross, Acting Director, Tax Litigation, Glenn L. Archer, Jr., Ass't Atty. Gen., Michael L. Paup, Chief, Roger M. Olsen, Acting Ass't Atty. Gen., Ann B. Durney, David M. Moore, U.S. Dept. of Justice, Appellate Section, Tax Div., Washington, D.C., for respondent-appellee.

Before GODBOLD, Chief Judge, TJOFLAT, Circuit Judge, and TUTTLE, Senior Circuit Judge.

PER CURIAM:

The judgment of the tax court in these cases is AFFIRMED on the basis of the opinion of the tax court, 84 T.C. 210 (1985).

**In re Jack Glenn MARTIN, Petitioner.**

**No. 86–5221.**

United States Court of Appeals, Eleventh Circuit.

April 16, 1986.

Theodore J. Sakowitz, Federal Public Defender, Stewart G. Abrams, Asst. Federal Public Defender, Miami, Fla., for petitioner.

On Petition for Writ of Mandamus and/or Prohibition to the United States District Court for the Southern District of Florida.

Before RONEY and HATCHETT, Circuit Judges, and HENDERSON *, Senior Circuit Judge.

BY THE COURT:

Jack Glenn Martin has brought a Petition for Mandamus and/or Prohibition, as an emergency matter. He seeks to have this court restrain the district court from further proceedings against him on the ground that he is being improperly tried without the protections of the Juvenile Delinquency Act.

Jack Glenn Martin, and two other persons, were indicted in the United States District Court for the Southern District of Florida for the crimes of conspiracy to import marijuana, conspiracy to possess with the intent to distribute marijuana, and importation and possession with the intent to distribute marijuana, in violation of several sections of Title 21 U.S.C. Martin and the other defendants are also charged with in-

* See Rule 3(b), Rules of the U.S. Court of Appeals   for the Eleventh Circuit.